EIE GUAM CORPORATION, a Guam corporation, Plaintiff—Appellant,

v.

The LONG TERM CREDIT BANK OF JAPAN, LTD., now known as The Shinsei Bank, Ltd., a Japanese corporation; and The Resolution and Collection Corporation, a Japanese corporation, Defendants—Appellees.

EIE Guam Corporation, a Guam corporation, Plaintiff—Appellee,

v.

The Long Term Credit Bank of Japan, Ltd., now known as The Shinsei Bank, Ltd., a Japanese corporation; and The Resolution and Collection Corporation, a Japanese corporation, Defendants—Appellants.

Nos. 02–16214, 02–16259.

D.C. No. CV–00–00009–ER.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 13, 2003.

Decided Feb. 27, 2003.

Before HUG, ALARCON, and GRABER, Circuit Judges.

MEMORANDUM AND ORDER *

The underlying debt that gives rise to this litigation pertains to a hotel property in Guam. The parties entered into a settlement agreement, called the Maui Term Sheet, but failed to concur on how it was to be carried out. The district court entered several orders interpreting and, ultimately, specifically enforcing the agreement. These appeals arise from the last two orders, which were entered in May 2002.

We have held in a separate opinion filed today that the district court has jurisdiction over this action. *EIE Guam Corp. v. Long Term Credit Bank of Japan, Ltd.,* 322 F.3d 635 (9th Cir.2003). We now turn to the merits of the parties' claims.

Both parties breached the Maui Term Sheet.

EIEG breached by (1) tendering release forms that "carved out" claims intended to be preserved under the terms of the Maui Term Sheet; (2) tendering release forms requiring the Bank and the RCC's counsel to sign a form stating that the Bank and

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the RCC had authority to sign a release on behalf of the other lenders, a provision not required in the Maui Term Sheet; and (3) including "Roe" and "Doe" releases, contrary to the Maui Term Sheet.

The Bank and the RCC breached by tendering release forms that (1) insisted on EIE International, Inc.'s waiving the Guam law that prevented the release from reaching unknown claims, in violation of the provisions of the Maui Term Sheet; and (2) contained a "supremacy" clause that would have eliminated the effectiveness of the Maui Term Sheet, because the proposed master release differed materially from the terms of the settlement agreement.

These breaches were material. Because each party comes to court with "unclean hands," therefore, neither may obtain specific performance of its version of the agreement. The settlement itself is clear as to what was to happen in the event that the settlement could not be concluded: "all parties will request that the Court immediately commence the trial."

The district court did not commit clear error in denying the Bank and the RCC's motion to dissolve the June 1999 injunction. That injunction was explicitly based on the Guam Superior Court's perceived need to protect a "significant asset" belonging to EIEG and "a unique piece of property that cannot be replaced." Circumstances have not so changed so as to make the district court's refusal to dissolve the injunction clearly erroneous.

REVERSED and REMANDED for trial.[1]

---

1. The pending requests for judicial notice are GRANTED. When the mandate issues, this court's stay is DISSOLVED.

